Frost, J.
dissenting. The policy of insurance having been copartnership property, and the plaintiff being the surviving partner, he has a clear right to demand from the defendants an account of the sum recovered against the insurance company, as money had and received to his use. The plaintiff does, and can only, support his claim against the defendants on those grounds; and the judgment of the court, confirming the verdict to the extent of one-half the amount, admits them. The plaintiff’s right being conceded, the onus is on the defendants to discharge their liability.
*332 The first defence is, that the plaintiff should have given in evidence the sum received by John Fraser & Co. as payment, in the action by them on his bond, and that plaintiff is barred of his claim by the judgment on the bond against him. This is overruled by the judgment of the court, because, if sustained, it would wholly have defeated the plaintiff’s recovery. The next defence is, an agreement between the plaintiff and Tamplet and the defendants, that if any thing were recovered on the policy, it should be applied equally to the payment of their respective bonds, given to the defendants in discharge of the partnership balance of account. This defence extends only to one-half of the recovery. The jury were expressly instructed, if the agreement was proved to their satisfaction, they should find only one-half of the sum received by the defendants on the policy. They found the whole sum, and distinctly negatived the alleged agreement.
The next defence is, that the defendants had a lien on the policy of insurance for the payment of their general balance of account against Tamplet & Eowand, which was not discharged by talcing the bonds of the parties for that balance. This position is overruled by the judgment of the court. By taking bonds for the balance, the account was extinguished and gone, and the lien incident to it discharged.
If the lien for the balance of the account could be extended to, and attached on, the bonds, the defendants might claim a discharge for one-half of the policy, by an application of so much to the payment of Tamplet’s bond. But a lien on partnership property cannot be claimed for the payment of the individual debts of the partners. Besides, the lien of a factor is only allowed by the usage of trade, and, as all the elementary winters agree, for a general balance of account. In Godin et al. vs. London Assurance Company, 1 Bur. 494, Lord Mansfield states the law to be that “a factor, to whom a balance is due, has a lien upon all goods of his principal, so long as they remain in his possession.” In Houghton et al. vs. Matthews et al. 3 Bos. & Pul. 494, Heath, J. says, “general liens are claimed in respect of a general balance of account; and these aré *333 founded in custom only, and are, therefore, to be taken strictly. There is no authority to shew that such a custom has ever been extended to debts generally; and the opinion of Lord Hardwicke, in ex parte Deeze, seems directly to the contrary.” “Nothing can fall within the custom of trade, but what concerns trade.”
The only other grounds on which the facts of the case will sustain the judgment of the court, are, first, that it was agreed between Tampiet and the defendants, on the composition of his bond, in January, 1830, that, in addition to the 25 per cent, paid by him, the defendants should also retain his share of the policy, when recovered, as a further payment. It is clear that neither partner can apply partnership effects to the payment of his individual debt; and that the agreement of Tampiet with the defendants, made without the knowledge or consent of the plaintiff, vested no right in them. If the partnership had been clear of debt, the defendants might have stood on the equity between partners, to an equal share of the clear surplus of partnership property. But this equity was rebutted by proof that the copartnership was insolvent, and Tampiet indebted to plaintiff for abalance of copartnership accounts, greatly exceeding his interest in the policy.
And, secondly, it maybe contended that inasmuch as the plaintiff was guarantor of Tamplet’s bond to the defendants, and was discharged of his liability thereon, by the composition made by Tampiet, if the plaintiff avails himself of the discharge procured by that composition, he must affirm the condition that Tamplet’s half of the policy should be retained by the defendants.
The plaintiff was neither party nor privy to that composition. He is discharged from liability on Tamplet’s bond, by the defendants’s surrender of it to Tampiet. The surety of a bond, of which the principal is released, may plead his discharge in consequence of that release, without making good the terms of the agreement between the obli-gor and obligee. If the defendants had surrendered to Tampiet his bond, on his assignment to them of the note of a third person, or any other security, and they had failed *334 of getting payment, the plaintiff could not have been required, as the condition of his discharge, to pay the amount of the note or other security; or if Tamplet had agreed that, in addition to the 25 per cent, which he paid, the plaintiff should pay a thousand dollars, he could not be required to pay that sum before he could make his de-fence to the bond, that the principal was discharged. The copartnership assets were as much beyond Tamplet’s power of appropriation, as the private property of the plaintiff.
The judgment of the court having affirmed the liability of the defendants to account to the plaintiff for the amount received by them on the policy, it does not seem that they have established any claim in law or fact, by which that liability may be reduced to one-half; and I think the plaintiff should retain his verdict.